IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Tamera Tims, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-487 |
| | ) | |
| Velocity Investments, LLC, | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

COMES NOW the Plaintiff, by and through her attorney, and avers against the Defendants the following:

INTRODUCTION

1. In this lawsuit, the Plaintiff seeks damages under the Fair Debt Collection Practices Act and Fair Credit Reporting Act for Defendants' efforts to collect a debt the Plaintiff did not owe.

PARTIES

2. Plaintiff is a resident citizen of Mobile County, Alabama and has been so for over two years.

3. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act.

4. Defendant Velocity Investments, LLC ("Velocity") is a New Jersey corporation

whose principal place of business is 3100 Route 138W, Wall, NJ 07719.

5. The principal purpose of Velocity is the collection of debts using the mails and telephone, and Velocity regularly attempts to collect debts alleged to be due another.

6. Velocity is a "debt collector" according to 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

7. This court has subject matter jurisdiction over this matter under 15 U.S.C. §1692k(d) and §1681p.

8. This court has personal jurisdiction over the Defendant because they have ngaged in direct debt collection communications with Alabama residents dwelling within this state.

9. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

10. At all times relevant to this proceeding, Defendant Velocity was acting in an attempt to collect from the Plaintiff a debt it claimed had been owed to WebBank and/or Prosper Funding.

11. The Plaintiff, however, did not owe Velocity (or anyone else) any money for any such account.

12. On at least two occasions, the Plaintiff notified Velocity (or its attorneys) in writing that she denied owing them any money.

13. Nevertheless, Velocity continued to seek collection of the WebBank/Prosper account from the Plaintiff.

14. The Plaintiff never applied for a loan with Velocity, WebBank, or Prosper Funding, and suspects that this account was opened through an act of identity theft.

15. On or about December 27, 2019, Velocity obtained a consumer report relating to the Plaintiff from one or more nationwide consumer reporting agencies.

16. Velocity never had the Plaintiff's permission to obtain any such consumer report.

17. Upon information and belief, Velocity's stated reason[1] for obtaining the Plaintiff's credit report was to assist in its efforts to collect the debt which it alleged Plaintiff owed to WebBank/Prosper Funding.

18. Since the Plaintiff never took out a loan from Velocity or any alleged assignors, Velocity had no permissible purpose to obtain Plaintiff's credit report.

19. On or about May 1, 2021,Velocity filed a lawsuit, Case 02-DV-2021-901209.00, in the District Court of Mobile County, alleging that the Plaintiff owed Velocity a debt of $10,395.50, and demanding judgment for that amount, plus attorneys' fees and court costs.

20. A copy of the state court complaint that Velocity filed against the Plaintiff is attached as Exhibit A.

21. In response to the state court lawsuit, the Plaintiff answered Velocity's complaint, again denying that she owed them money.

22. On September 22, 2021, the Plaintiff appeared in the District Court of Mobile

---

1 Users of consumer reports are required by the Fair Credit Reporting Act to certify to the consumer reporting agency that its use of any consumer report is lawful under one of the enumerated "permissible purposes" listed in the statute. *15 U.S.C. §1681b(f)*.

County and testified that she did not take out the loan Velocity was seeking to collect.

23. At the conclusion of the trial, the Mobile County District Court entered judgment in Ms. Tims' favor. A copy of the judgment is attached as Exhibit B.

24. Velocity should never have sued the Plaintiff for a debt she did not lawfully incur.

25. Velocity should have conducted a genuine investigation into the matter, which would have enabled them to realize that the Plaintiff did not take out this loan from WebBank/Prosper.

26. Instead, Velocity plowed ahead with its lawsuit against the Plaintiff, forcing her to spend time and money defending herself.

27. It is a pattern and practice of Velocity to systematically file lawsuits against consumers, even when they do not owe any money.

28. The Defendants' actions have caused the Plaintiff damages in the following ways:

   a) She had to hire a lawyer to defend herself from the baseless state court lawsuit;

   b) This entire ordeal has been mentally and physically taxing, and has caused her natural anger, frustration, stress, humiliation, fear for her family's financial well-being, and unjustified and abusive invasion of her personal privacy;

   c) Damage to her credit and reputation;

   d) Time taken from work and family to deal with this matter, including the trial in state court.

## COUNT ONE: 15 U.S.C. §1692e

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 above.

30. 15 U.S.C. §1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. 15 U.S.C. §1692e(2)(A) specifically prohibits the false representation of "the character, amount, or legal status of any debt."

32. Defendant violated 1692e(2)(A) by falsely representing to the Plaintiff and to the Mobile County District Court that the Plaintiff had entered into a contract with WebBank/Prosper and owed over $10,000 to Velocity.

33. Velocity violated 1692e(8) by falsely representing to at least one consumer reporting agency that the Plaintiff owed money to Velocity for an unpaid debt to WebBank/Prosper Funding.

34. Velocity's violations of 1692e have caused the Plaintiff damages as stated above.

35. As a result of its violations of 15 U.S.C. §1692e, Velocity is liable to the Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

## COUNT TWO: 15 USC. §1692d

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 above.

37. As a result of the meritless lawsuit filed by Velocity, the Plaintiff was harassed, oppressed, and abused.

38. The filing of a bogus lawsuit against the Plaintiff and seeking money she did not owe was an aggressive collection tactic whose natural consequence was to harass,

oppress, or abuse the Plaintiff.

39. 15 U.S.C. §1692d prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

40. Velocity violated 15 U.S.C. §1692d by filing and pursuing its meritless state court lawsuit against the Plaintiff, even after receiving written disputes from the Plaintiff.

41. Velocity's violations of 15 U.S.C. §1692d have caused the Plaintiff damages as described above.

42. As a result of its violations of 15 U.S.C. §1692d, Velocity is liable to the Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

COUNT THREE: 15 U.S.C. §1692f

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 29 above.

44. 15 U.S.C. §1692f prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect a debt."

45. Suing a consumer for a debt that is not owed is an "unfair and unconscionable practice offensive to §1692f," even if where the consumer once owed the debt.

46. In this case, Ms. Tims never owed the alleged debt.

47. As described above, Plaintiff has suffered damage as a result of Velocity's unfair and unconscionable lawsuit.

48. As a result of its violations of 15 U.S.C. §1692f, Velocity is liable to the Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

## COUNT FOUR: 15 U.S.C. §1681b

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 above.

50. The Defendant unlawfully invaded the Plaintiff's privacy by obtaining a consumer reports on her without her permission, and without a permissible purpose for doing so.

51. The Defendant violated 15 U.S.C. §1681b by seeking the Plaintiff's consumer reports without authorization or a permissible purpose.

52. The Defendant violated 15 U.S.C. §1681b by falsely certifying to at least one nationwide consumer reporting agency that it had a permissible purpose to obtain the Plaintiff's report.

53. The Defendant's unlawful possession of the Plaintiff's credit report invaded the Plaintiff's privacy and exposed her financial affairs to the Defendant and its employees.

54. The Defendant was negligent in obtaining a consumer report on the Plaintiff without first investigating the accuracy of its claims that she owed money to it or its alleged assignors.

55. For its violations of the Plaintiff's rights under the Fair Credit Reporting Act, the Defendant is liable to the Plaintiff for actual damages, statutory damages of up to $1,000, costs, and attorneys' fees. *15 U.S.C. §1681o.*

WHEREFORE, PREMISES CONSIDERED, Your Plaintiff respectfully prays this Honorable Court grant the Plaintiff a Judgment against the Defendants for the following:

A) Actual damages against Velocity for its violations of the Fair Debt Collection

Practices Act;

B) Statutory damages of One Thousand Dollars ($1,000) against Velocity for its violations of the Fair Debt Collection Practices Act;

C) Actual damages damages against Velocity for its violations of the Fair Credit Reporting Act;

D) Statutory damages of One Thousand Dollars against Velocity for its violations of the Fair Credit Reporting Act;

E) Costs and reasonable attorneys' fees;

F) For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this Wednesday, November 10, 2021.

/s/ Judson E. Crump
Judson E. Crump [CRU021]

Judson E. Crump, P.C.
250 Congress Street
Mobile, AL 36603
251.272.9148
judson@judsonecrump.com